paid, in case the jury should find that the assignment was not absolute, but was for security only.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

<hr />

## McGOWAN v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term. June 28, 1906.)

CARRIERS—REGULATION—STREET RAILROADS—TRANSFERS.

    Though a street railroad company may make rules or regulations as to the issuance or use of transfers, such a rule is not binding on the passengers where no reasonable notice of its existence is given the public.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Thomas McGowan against the New York City Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Harcourt Bull, for appellant.
Frank D. Wynn, for respondent.

McCALL, J. The judgment must be reversed. There is no doubt that the plaintiff was, under the statute, entitled to a transfer. But we are of the opinion that, under a properly presented case, based upon sufficient facts, courts will uphold a rule or regulation in the issuing or use of transfers that will recognize public convenience. But the mere making of such a rule will not be sufficient; there is the further duty of giving reasonable notice of the existence of such a rule, so that the public may not be misled in applying for transfers. As it does not appear that the defendant adopted any method of notifying the public of the institution of such a rule, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

<hr />

## BINDER v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term. June 28, 1906.)

STREET RAILROADS—COLLISION WITH PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

    The testimony of plaintiff that before stepping from the sidewalk to cross an avenue she looked and saw cars in both directions on the avenue, one north-bound, a block south, and one south-bound, two blocks north, and that she then proceeded to cross, and had passed the track of north-bound cars, and as she went on the track of south-bound cars she was struck by a car coming so quickly she could not save herself, fails to show her free from contributory negligence; there being no evidence that her attention was distracted, or that anything obstructed her view, or that she looked a second time for cars, unless it was when the car was right on her.

    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 208, 249.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Anna Binder against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

William E. Weaver, for appellant.

I. Seymour, for respondent.

McCALL, J. This is an action brought to recover damages for injuries received in an accident, the happening of which, the plaintiff alleges, is attributable solely and alone to the negligent handling and operation of defendant's cars by its employés. The testimony of the plaintiff shows that she started to cross Third avenue at Seventy-Seventh street, going from east to west; that before she stepped from the northeast corner she looked north and south, and saw cars in both directions—one at Seventy-Eighth street south bound, and one at Seventy-Sixth street north bound; that she then stepped off the curb, and started westwardly, passed over the tracks that carried north-bound cars, and that, as she went on the rails which the south-bound cars traveled, she was struck, the car coming so quickly she could not save herself. The record is absolutely devoid of any evidence which would show that her attention had been distracted, or that any obstruction blocked her view, or prevented observation of the car in the exercise of the care law imposes as a duty. The proof is somewhat unsatisfactory that plaintiff looked a second time, but, accepting her testimony as correct on this point, it would seem that the second observation she made was when the car was right upon her, and it was occasioned by the danger that then menaced her. Upon the whole, we are not satisfied on this record that she has successfully borne the burden of proving herself free from contributory negligence, and hence should not have prevailed, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.