PEOPLE v. MANSI et al.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. DISORDERLY CONDUCT (§ 1*)—ELEMENTS OF OFFENSE.

Consolidation Act (Laws 1882, p. 366, c. 410) § 1458, provides that a person who shall use any threatening, etc., behavior with intent to provoke a breach of the peace, etc., shall be guilty of disorderly conduct. Section 1459 provides that, when it appears on oath of a credible witness before any police justice that any person has been guilty "of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace," the magistrate may cause the person complained of to be brought before him to answer the charge. *Held* that, under section 1459, "disorderly conduct" is such conduct as in the opinion of the magistrate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tends to a breach of the peace, and the section does not relate only to the acts specified in section 1458.

[Ed. Note.—For other cases, see Disorderly Conduct, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2107, 2108.]

2. DISORDERLY CONDUCT (§ 1*)—EVIDENCE—SUFFICIENCY.

Defendants stated to prosecutor that they had money which they wanted changed, and they asked prosecutor if he had any money. They showed prosecutor a package supposed to contain money, and asked him to put into the package his money and watch and chain and give it to them. *Held*, that defendants were guilty of disorderly conduct, under Consolidation Act (Laws 1882, p. 366, c. 410) § 1459, defining disorderly conduct as conduct which in the opinion of the magistrate tends to a breach of the peace.

[Ed. Note.—For other cases, see Disorderly Conduct, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. CRIMINAL LAW (§ 986*)—PUNISHMENT—EVIDENCE—ADMISSIBILITY.

It is not error for the magistrate to receive the unsworn statement of a police officer that the portrait of accused was in the Rogue's Gallery, where such statement is received solely for the purpose of determining what sentence ought to be imposed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2517; Dec. Dig. § 986.*]

Appeal from Court of General Sessions, New York County.

Alfred Mansi and another were charged with disorderly conduct, and from a judgment of the Court of General Sessions, affirming a judgment of conviction in the magistrate's court, they appeal. Affirmed.

The following is the testimony of complainant, Reblin, a stone mason, in search of work at the time he met defendants:

"I was in search of work, and I met these two men. They said they had money on them, and they wanted to change it, and then they asked me if I had any money on me. Then they brought me down in this neighborhood. Then I said to myself: 'These are probably not good people. I had better get away from him.' They showed me a package supposed to contain money. I didn't see any money, but they said: 'Put your money in this.' There was nothing happened, but I think they wanted to rob me. Q. Was this the package they showed you (shows witness package of paper done up in a handkerchief)? A. No; they carried inside a paper. That paper there (points to paper in handkerchief). Q. That was nothing but a piece of paper wrapped up in a handkerchief? A. I don't know what was inside of it. Q. Did they say anything to you about your watch and chain? A. They said I should put all my money and my watch and chain and everything into the package, and give it to them. Q. And give it to them? A. Yes, sir."

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William Hawkins, for appellants.
Robert C. Taylor, for the People.

McLAUGHLIN, J. The defendants appeal from a judgment convicting them of disorderly conduct. They were charged with violating the provisions of sections 1458 and 1459 of the consolidation act (chapter 410, p. 366, Laws 1882). The former section provides

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that a person is guilty of disorderly conduct that tends to a breach of the peace who shall commit certain offenses, and, among others:

"(3) Every person who shall use any threatening, abusive or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned."

And the latter provides:

"Whenever it shall appear on oath of a credible witness before any police justice * * * that any person * * * has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge."

The appellants contend that they were guilty of none of the acts specified in section 1458 and that section 1459 relates only to such acts; in other words, that the word "such," as used in the latter section, refers only to the acts specified in the former section. I do not think the sections, when read together, are susceptible of this construction. The evident intent and meaning of section 1459 is "any disorderly conduct such as in the opinion" of the magistrate tends to a breach of the peace. The word "such" is correlative with "as," and, if it had been intended by its use to refer to the acts set forth in section 1458 only, the word "as" would not have been used. The use of the word "as," without any punctuation after the word "conduct," shows that the word "such" is used only to anticipate the limiting clause commencing with "as," and not to refer to the preceding section.

This view is sustained by the case of The Twelve Commitments, 19 Abb. Prac. 394, where Daly, J., held that what is now section 1458 did not define the only acts which constitute disorderly conduct, and that section 1461 (originally enacted in 1833), which requires that a magistrate may require security for good behavior in cases of disorderly conduct tending in his opinion to a breach of the peace, was not limited by section 1458. If this construction be correct, then upon the uncontradicted facts the defendants were clearly guilty of disorderly conduct, and the judgment convicting them of that crime is amply sustained by the evidence.

The only other point raised by the appellants is that unsworn testimony of a police officer to the effect that the photograph of one of the defendants was in the Rogue's Gallery was admitted. It is perfectly obvious that the information thus obtained was elicited by the magistrate, not for the purpose of determining whether the defendants were guilty of the crime charged, but solely for the purpose of determining what sentence ought to be imposed.

The judgment of conviction is right, and should be affirmed. All concur.