PEOPLE ex rel. GORDON v. SUPERINTENDENT OF HARTS ISLAND REFORMATORY.

(Supreme Court, Special Term, Kings County.    January 6, 1910.)

CRIMINAL LAW (§ 259*)—AUTHORITY FOR DETENTION.

The commitment stating that relator in habeas corpus was charged with pushing and jostling pedestrians for the purpose of plying his vocation of pickpocketing, and that he was convicted of such offense, does not show a conviction of disorderly conduct tending to a breach of the peace, as defined by Consolidation Act (Laws 1882, c. 410), § 1458, for which a magistrate may, under Greater New York Charter (Laws 1901, c. 466), § 698, make a commitment; such acts not being expressly declared by the act to constitute such offense, and it being at least necessary that it appear the magistrate adjudged that the acts with which relator was charged tended to a breach of the peace.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 259.*]

Habeas corpus on the relation of Benjamin Gordon against the Superintendent of Harts Island Reformatory.   Writ sustained, and relator discharged.

Reilly, Milligan & Becker, for relator.

William Travers Jerome, Dist. Atty. (Alexander A. Mayper, of counsel), for defendant.

BLACKMAR, J.   The defendant returns that the relator is held under a commitment by a police magistrate for three years unless sooner discharged or paroled as provided in section 698 of the charter.   The original commitment and a deposition by a police officer but without other evidence is also returned.   As the commitment is written on a printed blank with alternative clauses arranged so that it may be rendered certain by striking out one of the two alternatives, and as none are stricken out, it cannot be learned whether the relator was brought or voluntarily came before the magistrate, whether he was charged by information under oath or upon his own confession, or whether he pleaded guilty or was tried and convicted.   But assuming that this uncertainty does not render the commitment fatally defective, the question is whether it shows that the magistrate acted within his jurisdiction.   If he did, the writ must be dismissed.

If the commitment shows that the relator was convicted of disorderly conduct tending to a breach of the peace, it warranted a commitment under section 698 of the charter.   Matter of Jacobs, 57 Misc. Rep. 655, 109 N. Y. Supp. 1068.   The case of People ex rel. Frank v. Davis, 80 App. Div. 448, 80 N. Y. Supp. 872, does not apply, for the decision there was that a conviction under section 1458 of the consolidation act does not warrant a commitment under section 146 of the state charities law (Laws 1896, c. 546) and the provisions of the state charities law prescribing the offenses under which commitments under that law may be made differ from the provisions of section 698 of the charter.   A police magistrate has no jurisdiction to convict for a misdemeanor, but may for the minor offenses defined in section 1458 of the consolidation act, and even if the facts found would have warranted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the conviction for a crime under section 720 of the penal law (Consol. Laws, c. 40), yet, if they are also sufficient to show an offense under section 1458, the magistrate has jurisdiction. People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 83 N. Y. Supp. 245.

The commitment states that the relator was charged with "pushing and jostling passing pedestrians for the purpose of plying his vocation of pickpocketing," and that he was convicted of such offense. It is suggested by the district attorney that that is a statement of a conviction for disorderly conduct tending to a breach of the peace, as defined in the said section 1458 of the consolidation act. The definition referred to is contained in subdivision 3 of that section, which is as follows:

"Every person who shall use any threatening, abusive or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned" shall "be deemed guilty of disorderly conduct which tends to a breach of the peace."

The affidavit of the police officer which may be the charge or information is as follows:

"Using indecent and threatening and behavior" (sic) "Disturbing the peace; and did then and there push and jostle women and girls who passed on and along the said street for the purpose of plying their vocation as pickpockets, each of said defendants being a pickpocket. They thereby caused annoyance to the persons they pushed and jostled."

Does the information state a charge, or does the commitment state an offense as defined by the language of section 1458 above quoted? I think not. Both an information and commitment should plainly state the crime with which the prisoner is charged or convicted. People ex rel. Allen v. Hagan, 170 N. Y. 48, 62 N. E. 1086. No one by reading the statement of the offense in the commitment, unaided by the suggestion of the district attorney, would recognize the offense called "disorderly conduct tending to produce a breach of the peace." It is true that the facts so stated might be admissible in evidence as tending to show, although not alone proof of, that offense; but a statement that the magistrate had found that these facts were established is not equivalent to adjudging that the relator was guilty of the offense defined in said section 1458. "Pulling and jostling" in an attempt to commit larceny is not "threatening, abusive or insulting behavior." This implies an intent to arouse anger or resentment and so to provoke a breach of the peace. Neither does the information distinctly charge the offense. It reads more like a charge of disorderly conduct defined in section 720 of the penal law which is a misdemeanor. People ex rel. Clark v. Keeper, 176 N. Y. 465, 68 N. E. 884. The case of People v. Mansi, 129 App. Div. 386, 113 N. Y. Supp. 866, is cited to establish the proposition that under section 1459 of the consolidation act any act which in the opinion of the magistrate tends to a breach of the peace will warrant a conviction, and that the definition of such offense in section 1458 is not exclusive. If both this case and Matter of Jacobs, 57 Misc. Rep. 655, 109 N. Y. Supp. 1068, be strictly followed to the end, we reach the proposition that a magistrate may convict and incarcerate for three years any person who has committed any acts which in the opinion of the magistrate tend to a breach of the peace. It seems to me that the fundamental

principle of our law is that only those acts are crimes which are made so by statute. If the decision of the magistrate was followed only by holding the defendant with sureties to keep the peace, such a definition of his powers might be permissible; but, where imprisonment for three years can follow, it seems to me that we must either abandon the rule that he may be convicted for undefined acts tending to a breach of the peace, or the rule that his conviction may be followed by three years' imprisonment. It is sufficient for the purpose of this proceeding to say that it nowhere appears that the acts with which the relator was charged were adjudged by the magistrate to tend to a breach of the peace.

I therefore cannot find that the relator has been convicted of any offense which justifies commitment under section 698 of the charter. In other words, the return does not show a commitment within the jurisdiction of the magistrate.

Writ sustained, and the relator discharged.