## COURT OF SPECIAL SESSIONS OF THE CITY OF OF NEW YORK — APPELLATE TERM — FIRST JUDICIAL DISTRICT.

### November 14, 1922.

### THE PEOPLE v. PHILIP KAHN ET AL.

(1) DISORDERLY CONDUCT—REFUSING TO CEASE TALKING AT COMMAND OF POLICEMAN.

The fact that appellant refused to cease talking when commanded by the officer, a crowd having collected at a collision of automobiles, which appellant had witnessed and was trying to detail, does not constitute disorderly conduct in itself.

(2) SAME.

The authority of an officer is neither autocratic nor judicial; to his hand is entrusted the might of government and in the discharge of governmental duty no man may stay him. But if he goes beyond the law, intentionally or unintentionally, his official character as governmental agent ceases and any citizen affected may lawfully oppose him in lawful manner.

Before Hon. JOHN J. FRESCHI, Justice presiding; Hon. FREDERIC KERNOCHAN, Hon. CLARENCE EDWARDS, Associate Justices.

*Siegel & Corn,* attorneys for appellants.

*Joab H. Banton, District Attorney (Felix X. Benvenga,* of counsel), for respondent.

Defendants convicted of disorderly conduct, tending to a breach of the peace, by a city magistrate.

EDWARDS, J.:

I think the conviction and sentence of the appellant-defendant, Kahn, should be reversed on the facts for two reasons:

First: The proofs returned do not establish the commission by the appellant of any offense specified in the information. There was testimony that a crowd collected, but no sufficient evidence of this being caused by any disorderly behavior of the appellant. There was no proof of the use by him of any abusive or insulting language; and the pushing described by the officer may have been, in view of the testimony of the appellant and other witnesses, nothing more than the usual effort in such cases, without anger or any intent of personal trespass, to get attention to statements deemed important concerning the event which had happened, the collision of the automobiles.

Second. There was no sufficient proof of the commission by the appellant of any disorderly conduct within the scope of the

statute.  Assuming that the appellant refused to cease talking when commanded by the officer to do so, and that he used the form of answer attributed to him, that is, insisted on his right to be heard notwithstanding the official authority of the policeman, I do not think such conduct constituted the guilt required to justify his conviction of the offense.

This court adheres to the opinion heretofore expressed by it that, under the authority of Peo. v. Mansi, 129 App. Div. 386, disorderly conduct tending to a breach of the peace may render a person liable under section 1459 of the Consolidation Act, although the acts be not specifically described in section 1458 of the same statute (Laws of 1882, chap. 410).  Still in every case the judicial condemnation must be justified by proof of facts bringing the individual instance within the general description included in the statute.

An important task of courts is to mediate between the power of organized society and reserved privilege in the individual member of the community.  The only place where absolute liberty can exist is in utter solitude; yet even in the most congested community private citizens continue to exist with the ancient right of exercising self-determination in some measure within areas necessarily restricted.  The authority of the executive officer is neither autocratic nor judicial; still to his hand is entrusted, after all, the might of government and in the discharge of governmental duty no man may stay him.  On the other hand if he goes beyond the law intentionally or unintentionally his official character as governmental agent ceases, and any citizen affected may lawfully oppose him in lawful manner.  The defining of the line of reciprocal rights and duties between the officer of the law and the private citizen may be matter for nice judicial adjustment.

It appears to me from the entire record before us that the motive of the appellant in the emergency that happened was to do what he could upon the happening of the collision of vehicles and opinions to get the right conclusion by telling what he had

seen. He was evidently eager and insistent, perhaps lacking in tact and courtesy and indiscreet; but it is not shown by preponderant evidence that he committed, threatened or intended any violence to anybody or interfered with the officer in the latter's dispersing the crowd collected by the occurrence or in his performance of any other duty. While I have no doubt that the officer acted from good motives, doing only what in the stress of the occasion seemed to him to be required, I do not think the circumstances justified his making the appellant a prisoner; and in my opinion the appellant has just cause to feel aggrieved, in that his effort as a by-stander to state what he thought was right in a dispute the occasion of which he had witnessed has resulted in his being adjudged guilty of an offense of a criminal nature.

I vote to reverse the judgment appealed from, to set aside the conviction and to discharge the appellant.

FRESCHI and KERNOCHAN, JJ., concur.