THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AGNES GERTNER, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, Second Judicial Department, November 6, 1924.

Crimes — disorderly conduct tending to breach of peace — complaint in Magistrate's Court should allege statute claimed to have been violated — conviction under complaint alleging violation of Penal Law, §§ 720, 722, 724, and Consolidation Act, §§ 1458, 1459, affirmed — under Consolidation Act, § 1459, prosecution need not establish that place of disorderly conduct is public as required by § 1458.

While the pleader is not required to use the precision of allegation of an indictment in making complaints in the Magistrates' Courts he should specify the specific law or statute claimed to have been violated.

Conviction under a complaint alleging disorderly conduct tending to a breach of the peace in violation of sections 720, 722 and 724 of the Penal Law, and sections 1458 and 1459 of the Consolidation Act is affirmed under the evidence.

It seems, that after a formal case of disorderly conduct tending to a breach of the peace is presented and prosecuted under section 1459 of the Consolidation Act, proof that the disorderly acts occurred in a private place will be sufficient inasmuch as that section does not make it incumbent upon the prosecution to establish that the place is public as required under section 1458.

The interpretation placed by the courts on the words " in any place " in section 720 of the Penal Law, holding the meaning to be " a public place," does not relate to section 1459 of the Consolidation Act nor to all of the subdivisions of section 722 of the Penal Law.

APPEAL from a judgment of conviction had in a City Magistrate's Court, Fourth District, Borough of Queens, on July 14, 1924, adjudging the appellant guilty of disorderly conduct tending to a breach of the peace and from the sentence imposed by the magistrate to furnish a bond in the sum of $300 to be on good behavior for one year, in default of bond to be committed to the city prison for a period of thirty days.

*Isaac Hyman,* for the appellant.

*Richard S. Newcomb, District Attorney* [*Rodman Richardson* of counsel], for the respondent.

FRESCHI, J.:

There are four statutes under which the offense of disorderly conduct that tends to provoke a breach of the peace may be prosecuted: *First,* the Penal Law, section 720, making disorderly conduct on public conveyances a misdemeanor triable by a Court of Special Sessions only after an examination and holding by a committing magistrate; *second,* Penal Law, section 722, defining the offense of disorderly conduct tending to a breach of the peace, in

PEOPLE *v.* GERTNER. **115**

Misc. 114]    Court of Special Sessions, New York, November, 1924.

which case a magistrate has summary jurisdiction to hear and determine the issue and to impose the punishment as provided under section 724 of the Penal Law or other statute prescribing punishment in such cases; and, *thirdly,* by virtue of the enactment of chapter 642, Laws of 1923, which specifically provides that the provisions of the Penal Law shall be deemed as supplemental to and not repealing any other provisions of law on this subject, the magistrate may act under the provisions of sections 1458 and 1459 of the Consolidation Act (Laws of 1882, chap. 410). By decisions of the appellate courts the prohibited acts under section 1459 of the Consolidation Act do not relate to those mentioned in section 1458 of the same act. (*People* v. *Mansi,* 129 App. Div. 386; *People* v. *Fogel,* 167 id. 550.)

No reference whatsoever is made in the complaint in this case to the particular statute alleged to have been violated — a practice that ought not be encouraged. While the pleader is not required to use the nicety and precision of allegation of an indictment in making complaints in the Magistrates' Courts, yet fairness requires a specification and general allegation of the law claimed to have been broken. The allegations in the complaint under consideration are in many respects like a blanket; they can be made to fit any of the statutes above cited. The record and return on appeal fail to indicate under what particular law this appellant was convicted. However, section 1459 of the Consolidation Act (*supra*) is invoked to sustain the conviction here.

Appellant seriously contends that the acts complained of did not occur in a public place where people assembled or that they were within the hearing and sight of any persons whatsoever, and, consequently, the prosecution having failed to establish this vital element of the offense charged, the complaint should be dismissed.

The complaint followed an altercation said to have been precipitated by abusive and insulting language and criticism of and toward the complainant by the defendant. The parties immediately affected are neighbors living in adjoining houses, separated by an alleyway that leads to the street in front of the premises. In and about this alleyway many of the acts complained of occurred.

Once the complainant appears to have been on the street when she was abused by the appellant. From the testimony it also appears that at one time, while the complainant was in her dwelling, this appellant went to the entrance of the alleyway and shouted to the complainant, daring her to come downstairs and threatening violence if she did. To all intents and purposes these acts occurred in a public place; but even if the place were not public, it seems

Surrogate's Court, Westchester County, December, 1924.          [Vol. 124

to me that if a summary case of disorderly conduct tending to a breach of the peace is presented and prosecuted under section 1459 of the Consolidation Act, proof that the disorderly acts occurred in a private place would be sufficient inasmuch as that section does not make it incumbent on the prosecution to establish by proof that the place is public as required under the other section — 1458 of the Consolidation Act. (*People* v. *Mansi, supra.*) The interpretation placed by the courts on the words "in any place" in section 720 of the Penal Law, holding the meaning to be "a public place," does not relate to section 1459 of the Consolidation Act, nor to all of the subdivisions of section 722 of the Penal Law. Section 1459 of the Consolidation Act "leaves much to be determined by the discretion of the magistrate himself," in the application of the fundamental principles of reason, of humanity and of a sound policy toward "preventive justice" rather than "punishing justice." (4 Black. Comm. 251–257.)

Judgment of conviction should be affirmed.

HERBERT, J.:

This disorderly conduct did not occur in a public place; therefore, this section 1458 of the Consolidation Act does not apply.

Section 722 of the Penal Law does, and assuming, *as counsel for defendant does*, that this complaint is drawn under this section, I vote to affirm.

McINERNEY, J., votes to affirm.

Judgment of conviction in all respects affirmed.