ALBANY,
Oct. 1825.

The People
v.
Smith.

THE PEOPLE *against* SMITH.

An indict-
ment lies for
*maliciously,*
*wickedly* and
*wilfully kill-*
*ing a cow,* the
property of
another.
Acts injuri-
ous to private
persons which
tend to excite
violent resent-
ment, and thus
produce a dis-
turbance of the
peace, are in-
dictable.

THE defendant was indicted for *maliciously, wickedly and wilfully killing a cow,* the goods and chattels of John Dibble; and found guilty at the general sessions in Delaware county. The cause was brought to this court by certiorari, with a view to obtain their opinion, whether the offence charged be indictable.

*S. Sherwood,* for the defendant, cited 4 Bl. Com. 5, 6; 3 id. 120; 2 Hawk. P. C. 301, ch. 25, s. 4; *Rex* v. *Buck,* (1 Str. 679; Sess. Cas. 370, S. C. ;) *Rex* v. *Channel,* (2 Str. 793; Sess. Cas. 366, S. C. :) *The King* v. *Leginham,* (1 Mod. 71 ;) *Rex* v. *Wheatley,* (2 Burr. 1125 ;) 4 Com. Dig. Indictment (E ;) *Rex* v. *Combrune,* (1 Wils. 301 ;) Anonymous, (6 Mod. 88 ;) *Rex* v. *Atkins,* (3 Burr. 1706 ;) *Rex* v. *Bake,* (id. 1731 :) and *The Queen* v. *Crisp,* (6 Mod. 175.)

He said, the cases which went to sustain indictments for killing animals, and other private injuries, proceeded on the ground of secrecy, or of great cruelty, operating as an evil example or tendency to a breach of the peace. (*Respubli ca* v. *Teischer,* 1 Dall. 335, 7. *Commonwealth* v. *Taylor,* 5. Binn. 277, 280. *The People* v. *Stakes,* 1 Wheeler's Criminal Cases, 111. Isaac Ross' Case, 3 City Hall Recorder, 191.) The case of poisoning a dog, cited in *Respublica* v. *Teischer,* (1 Dall. 338) by M' Kean, C. J. as being in 12 Mod. 337, he had not been able to find, and presumed that no such case existed. A statute was deemed necessary in Massachusetts, for the punishment of incendiaries, *The Commonwealth* v. *Macomber,* (3 Mass. Rep. 254,) and in this state, for the criminal punishment of trespasses on lands. (1 R. L. 525, 6.)

He cited also The Stat. 9 Geo. 1 ch. 22; Cr. Cir. Comp. 84-5; 2 Chit. C. L. 1087.

*J. A. Collier,* contra, cited Anonymous, (3 Salk. 187 ;) 4 Bl. Com. 5, and Christian's note, (3) ; *State* v. *Council,* (1

Overton's Tennessee Rep. 305 ;) *Commonwealth* v. *Leach*, (1 Mass. Rep. 59 ;) Russell on Crimes, Am. ed. 1682, note, *Commonwealth* v. *Taylor*, (5 Binn. 277, 280 ; and *Respublica* v. *Teischer*, (1 Dall. 335.)

*Curia,* per Woodworth, J. There is no precise line, by which indictments for malicious mischief are separated from actions of trespass. Blackstone, in the 4th volume of his commentaries, speaks of the former as done, not *animo furandi* or with an intent of gaining by another's loss; but either out of a spirit of wanton cruelty, or black and diabolical revenge. It cannot be expected, that the mere liability to damages, will operate on a mind so depraved. The injury may be committed when none but the person injured is a witness. The perpetrator may be insolvent; and thus gratify his malice with impunity, if there is no redress otherwise than by civil action. This would be contrary to the policy of every well regulated government; which is to protect the citizen in his right, by restraining and punishing the wrong doer. The offence is distinguishable from an ordinary trespass in this; that it is not only a violation of private right, without color or pretence, but without the hope or expectation of gain. Such an act discovers a degree of moral turpitude, dangerous to society ; and, for their security ought to be punished criminally. It is an evil example of the most pernicious tendency, inasmuch as the act is an outrage upon the principles and feelings of humanity. The direct tendency is a breach of the peace. What more likely to produce it, than wantonly killing out of mere malice, a useful domestic animal ?

Acts injurious to private persons, which tend to excite violent resentment, and thus produce a disturbance of the peace, have always been held indictable. Thus sending a challenge to fight a duel, or publishing a libel, are indictable offences.

It appears to me, that the offence stated in this indictment, is a proper subject of criminal prosecution. It was so held in *Respublica* v. *Teischer,* (1 Dall. 355,) a case precisely like the present. M'Kean, Ch. J. observed that the

ALBANY,
Oct. 1825.

The People
v.
Smith.

poisoning of chickens, cheating with false dice, fraudulently tearing a promissory note, and many other offences of a similar description had been indicted in Pennsylvania. This case is approved in *The Commonwealth* v. *Taylor*, (5 Binn. 277.) In *Commonwealth* v. *Leach*, (1 Mass. 59,) the defendants were indicted for poisoning a cow. The only question raised was, whether the sessions had jurisdiction. There was not even a suggestion by the court or counsel, that the offence was not indictable.

I entertain no doubt, that the conviction in this case was warranted by the principles of the common law; and judgment should be given against the defendant.

Judgment accordingly.