Bradley, J.
—The relator has been arrested and imprisoned by the defendant, by virtue of bench warrants issued upon two indictments found in the court of oyer and terminer of Monroe county. One of them charges the relator with maliciously exposing, placing, and scattering poison in the place where the cattle of Mary J. Burnett were kept, with the intent that the animals should take the poison, and thereby be killed. And the other charges that, from the effects of poisonous drug maliciously administered by the relator to it, an animal of Mary J. Burnett died. No value of the property was alleged. The relator seeks to be discharged from custody upon the ground that the presentments made by the grand jury in the court of oyer and terminer were not within the jurisdiction of that court. And this contention is founded upon the statute which provides that courts of special sessions have, in the first instance, exclusive jurisdiction to hear and determine charges for misdemeanor within their respective counties, of certain specified misdemeanors, among which is “ cruelty to animals” (Code Or. Proc. § 56), and that in such cases prosecution by indictment is only permitted when certificate has been -made as provided in Id. § 37.
*163 The main question here is whether or not the offenses charged come within the meaning or definition of the term “ cruelty to animals,” as used in the statute referred to. If it does, there was no jurisdiction in the court of oyer and terminer, in the fist instance, to charge the relator, by indictment, for the purpose of his prosecution for the alleged crime. The statute declaring the offense charged provides that:
“A person who unjustifiably administers any poisonous or noxious drug or substance to an animal, or unjustifiably exposes any such drug or substance with the intent that the same shall be taken by an animal, whether such animal be the property of himself or another, is guilty of a misdemeanor.” Pen. Code, § 660.
Formerly, the offense was, by statute, a felony (2 Rev. St. 689, § 16); and before then it (having been made á criminal offense by an early statute in England) was, so far as related to the property of a person other than that of the offender, treated here*as a crime at common law, People v. Smith, 6 Cow. 258; Com. v. Leach, 1 Mass. 59; Loomis v. Edgerton, 19 Wend. 419; Kilpatrick v. People, 5 Denio, 280. An offense of the character of that charged against the relator is serious in character, and, as was said by the court in one of the cases above cited, “such an act discloses a degree of moral turpitude dangerous to society.” By the Revised Statutes the offense of cruelty to animals was a misdemeanor, and was distinct from that of the character of the one in question. 2 Rev. St. 695, § 26. If, however, the provision of the Penal Code has put it within the meaning of that term as used in section 56 of the Code of Criminal Procedure, there is no legal objection to so treating it, upon the question of jurisdiction. The caption of title 16 of the Penal Code, which embraces section 660, is “Cruelty to Animals. And later in the same title is the defining provision that “the word torture or cruelty includes any act, omission or' neglect whereby unjustifiable physical pain,"suffering or death is caused or permitted.” Section 669. The charges in the indictments seem to be more aggravated in character than any contained in the provision of title 16, other than that of section 660, by which the offense so charged is provided for; and I should, if permitted by anything appearing in the statute, be inclined to distinguish it from other provisions coming within the meaning of the term “cruelty to animals.” But, like those in the other sections of the same title, it is made a misdemeanor, and I am unable to see how it can be taken out of the class of cases to which that term is by the statute applied. It is suggested that it could not have been intended to give the special sessions exclusive jurisdiction in the first instance of the offense mentioned in 660, because, as no punishment is there prescribed, it comes within the provision of section 15, which provided that in such case the punishment is imprisonment for not more than one year, or fine not more than $500, or both, and that a court of special sessions cannot inflict a punishment greater than imprisonment for six months and a fine of $50. Code Or. Proc. § 717. While this is. all so, the same may with equal force be said of every crime within the provision of the other sections of title 16 of the *164 Penal Code. And if that reason prevails the special sessions would not, in the first instance, have exclusive jurisdiction of any ■charge for cruelty to animals, as there are none to which my attention has been called, other than those embraced within the provisions of that title.
It is difficult to account for the apparent want of harmony of the two Codes, and it is unnecessary to attempt to do so. The same reason, founded upon the extent of punishment, is applicable to the crime of assault in the third degree (Pen. Code, § 222), and to that of petit larcency, as first offense (Id. §§ 15, 535), as it is to the present case. They are within the provisions of section 56 of the Code of Criminal Procedure, and the maximum punishment prescribed exceeds that within the power of the special sessions to impose, yet the pi’oposition that such court has not been vested with exclusive cognizance of su6h cases in the first instance cannot, on that ground, be supported. It has been distinctly given by the statute, and there seems to be no opportunity, by construction, to hold otherwise. People ex rel. Comaford v. Dutcher, 83 N. Y. 240. The certificate provided for is the only means by' which, in the cases within the provisions of section 56 of the Code of Criminal Procedure, prosecution can be had by indictment. The distinction in grade formerly existing between an offense like that in question and what was then known as “cruelty to animals” had disappeared, and by the Penal Code the grade of the former has been reduced to that of misdemeanor, and both have been placed in the same class of designated offenses. Whether this has been wisely done may be questioned. But with the policy of the statute, within legislative power, the court has no concern. If these views are correct, the conclusion follows that the indictments have hot the support of jurisdiction of the court in which they were found, and the custody of the relator by virtue of the indictments is unauthorized. People ex rel. Frey v. Warden of County Jail, 100 N. Y. 20. The prayer of the relator’s petition is granted, and he is entitled to his discharge from the imprisonment founded upon the indictments.