(34 Misc. Rep. 82.)

### PEOPLE ex rel. FLEISCHMAN v. FOX, Warden.

(Supreme Court, Special Term, New York County. February, 1901.)

1. HABEAS CORPUS—DISMISSAL.

> Where a writ of habeas corpus is granted under Code Civ. Proc. c. 16, tit. 2, art. 3, to inquire into the cause of relator's detention, and it appears that he is held under a judgment of conviction rendered by a magistrate having jurisdiction of the case, and authority to pronounce the judgment rendered for the crime charged, the writ will be dismissed.

2. SAME—RETURN.

> The return to a writ of habeas corpus to inquire into the cause of relator's detention need not contain the evidence on which his conviction was based.

Application by the people, on the relation of Kiev Fleischman, for a writ of habeas corpus directed to John M. Fox, warden of the workhouse. Writ dismissed.

Leonard A. Snitken, for relator.

John Whalen, Corp. Counsel, and Adrian T. Kiernan, Asst. Corp. Counsel, for respondent.

SCOTT, J. The relator is brought before the court upon a writ of habeas corpus. The defendant makes return that he is held by virtue of a commitment by a city magistrate, a copy of which is attached to the return. The return recites that the relator was charged before the city magistrate with being a disorderly person, viz. a person who had threatened to abandon and has abandoned his wife and children without adequate support, and in danger of becoming a burden upon the public, and had neglected to provide, according to his means, for his family; that upon examination of said matter in the presence of said relator, it appearing to said magistrate, by competent testimony and from facts and circumstances of the case, that

said relator's conduct amounted to such abandonment and neglect to provide for his wife and children, the magistrate did therefore adjudge and determine that he was such a disorderly person, and make an order that he should pay a certain sum weekly for and towards the support of his family for the period of one year, whereupon, upon notice of said order, the said relator was required to find surety, and having neglected so to do, and the magistrate having made up, signed, and filed in the county clerk's office a record of the conviction of said relator as a disorderly person, he was committed to the warden and keeper of the city prison to be safely kept until he shall find surety according to law, or be thence delivered by due course of law,—such imprisonment, however, not to exceed the term of six months at hard labor. We have thus a record, apparently valid upon its face, reciting the trial and conviction of the relator, and his commitment in pursuance of such conviction. In such a case the only inquiry is whether the magistrate had jurisdiction of the case, and authority to pronounce the judgment rendered for the cause assigned. People v. House of Mercy, 128 N. Y. 180, 28 N. E. 473; People v. Liscomb, 60 N. Y. 571. As was said in the latter case, and cited with approval in the former:

"If the process is valid on its face, it will be deemed prima facie legal, and the prisoner must assume the burden of impeaching its validity by showing a want of jurisdiction. * * * If the judgment is merely erroneous, the court having given a wrong judgment when it had jurisdiction, the party aggrieved can only have relief by writ of error or other process of review."

The relator in the present case makes no question but that the magistrate had jurisdiction to entertain the complaint, or authority to render a judgment, and, indeed, this jurisdiction and authority are too well settled by statute to admit of question. He does, however, by a traverse, allege that the evidence before the magistrate was not sufficient to warrant a conviction, and that said magistrate committed errors in the course of the trial. These, however, are matters which cannot be examined into upon this proceeding. Neither the writ of habeas corpus nor the writ of certiorari provided for in article 3, tit. 2, c. 16, of the Code of Civil Procedure, is in any sense a writ of review. Their sole function is to inquire into the cause of detention (Code Civ. Proc. § 1991); and when it appears, as it does in the present case, that the relator is detained by virtue of a valid judgment of conviction by a magistrate or court having jurisdiction of the crime charged, and authority to impose the punishment inflicted, the writ must be dismissed. The return does not contain the evidence upon which the relator was convicted, and it is not necessary that it should do so (People v. House of Mercy, supra); for when a prisoner is held under conviction the evidence cannot be considered upon habeas corpus. In this respect there is an apparent difference between the case of a prisoner held under final judgment upon conviction, and the case of one committed under section 208, Code Cr. Proc. In the latter case the magistrate's authority to commit the prisoner at all depends upon its being made to appear (1) that a crime has been committed; and (2) that there is sufficient cause to believe the defendant guilty upon the proofs. Hence, if either of these facts be de-

nied, it is necessary to look into the proofs which were before the magistrate, in order to ascertain whether he had authority to issue the commitment. People v. Wells (Sup.) 68 N. Y. Supp. 59. But, even in such a case, if it appear that there was any evidence before the magistrate that the crime was committed by the relator, the magistrate's jurisdiction to commit him is established; and this court will not review the preliminary examination, or supplant the magistrate's examination and conclusions by its own, but, having ascertained that the magistrate had jurisdiction, will dismiss the writ and remand the prisoner. This difference is, however, rather apparent than real. In each case the inquiry is into the jurisdiction of the magistrate; that jurisdiction depending, in the case of a conviction, upon the nature of the offense charged, and, in the case of a prisoner held for probable cause, upon the existence of some evidence upon which a finding of probable cause can be predicated. In both cases, if the jurisdiction of the magistrate be established, a dismissal of the writ must follow.

Writ dismissed and prisoner remanded.