Supreme Court, New York Special Term. Reported. N. Y. L. J. May 31, 1901.

PEOPLE ex rel. A. H. B. MEYER *v.* JAMES J. HAGAN.

APPLICATION for a writ of habeas corpus on behalf of a defendant held to bail by Court of Special Sessions upon the charge of selling liquors without a liquor tax certificate at The Maryland Kitchen, No. 254 West 34th Street, New York city. No liquor tax certificate could be obtained for this place on account of its proximity to a church and a dwelling, so that the liquors served there were obtained from another saloon across the street.

*Morris Meyer,* for defendant.

*Assistant District Attorney Schurman,* for the People.

O'GORMAN, J. The contention of the district attorney that the decision of the magistrate is a final order of a competent

tribunal and cannot be reviewed cannot be upheld. The order of the magistrate is not a final order within subdivision 2 of section 2032 (*People* v. *Wells*, 68 Sup. 60; *People* v. *Fox*, 34 Misc. 82, Law Journal, February 11, 1901), and this court is not precluded from going behind the return, nor is the commitment conclusive as to the legality of the imprisonment. Jurisdiction could not be acquired by the magistrate until it appeared by competent evidence that an offense had been committed, and that there was sufficient cause to believe the defendant guilty thereof. It conclusively appears from the evidence offered by the People that the defendant neither sold nor gave away the liquor in question. He was certainly not required to object to his guest purchasing liquor elsewhere and drinking the same upon the defendant's premises, and by permitting his guest to do so the defendant cannot be said to have incurred a criminal liability. As the case is wholly without testimony showing a violation of the Liquor Tax Law by the defendant or any other person, the writ must be sustained and the defendant discharged.