(37 Misc. Rep. 545.)

PEOPLE ex rel. VOELPEL v. WARDEN OF CITY PRISON et al.

(Supreme Court, Special Term, New York County. March, 1902.)

1. CERTIORARI—DETENTION OF RELATOR—RETURN TO WRIT.

On certiorari to inquire into the cause of the detention of a relator it is necessary, under Code Cr. Proc. § 208, that it should appear, in order to hold the relator, that a crime has been committed, and that there is sufficient cause to believe the defendant guilty thereof; and a writ must be dismissed where the return shows that a murder has been committed, and that there is sufficient reason to believe that the prisoner was guilty of it.

2. SAME—REVIEW OF EVIDENCE.

On certiorari to inquire into the cause of the detention of the relator, whether the evidence was sufficient to justify his commitment cannot be determined.

Certiorari by the people, on the relation of John A. Voelpel, against the warden of the city prison and William H. Olmsted, city magistrate.

Cantor, Adams & McIntyre, for relator.
Wm. Travers Jerome, Dist. Atty., for respondents.

GREENBAUM, J. The return to the writ of certiorari to inquire into the cause of the detention of the above-named relator shows that one of the city magistrates entertained a charge of homicide against the relator upon the sworn complaint of a police officer, and that upon an examination of numerous witnesses called upon behalf of the people the relator was held without bail upon said charge, to await the action of the grand jury. The return is accompanied by a copy of the testimony of numerous witnesses called upon the examination. The office of a writ of certiorari in a case of this character is solely for the purpose of ascertaining if the magistrate had jurisdiction to commit the prisoner. If the court find that the magistrate had jurisdiction, then the force of the writ, so far as the prisoner is concerned, is spent, and it must be dismissed. In a case where it appears "that the relator is detained by virtue of a valid judgment of a conviction by a magistrate or court having jurisdiction of the crime charged and authority to im-

pose the punishment inflicted, the writ must be dismissed." People ex rel. Fleischman v. Fox, 34 Misc. Rep. 84, 69 N. Y. Supp. 545; People v. Crane, 75 N. Y. Supp. 1111. To determine if the relator is justly detained, it must first appear that a crime has been committed, and, secondly, that there is "sufficient cause to believe the defendant guilty thereof." Code Cr. Proc. § 208. In this case it is conceded that the crime of the murder of Kate Voelpel, the mother of the relator, was committed. It therefore becomes only necessary to ascertain if the evidence before the magistrate was such as to justify him in believing the relator guilty of the crime charged. If there was any evidence before the magistrate that the crime was committed by the defendant, jurisdiction was established. People ex rel. Bungart v. Wells, 57 App. Div. 140, 151, 68 N. Y. Supp. 59. See, also, People ex rel. Fleischman v. Fox, supra; In re Henry, 13 Misc. Rep. 734, 736, 35 N. Y. Supp. 210. It should also be remembered, to quote from the Bungart Case, 57 App. Div. 151, 68 N. Y. Supp. 67, that "the function of the court is not to review the preliminary examination in order to decide the question anew, or to supplant the examination of the magistrate by its own examination, but to ascertain whether the magistrate had jurisdiction to commit the prisoner." This brings us to the consideration of the evidence before the magistrate. I have carefully read all the testimony adduced before him, and considered the arguments of the learned counsel of the relator, and I have no hesitancy in expressing my opinion that there was enough evidence to warrant the magistrate in believing the relator guilty of the crime charged. This court has no power here, nor is it called upon, to determine if the evidence is sufficient to commit. It must merely determine whether the evidence was of such a character as to justify the magistrate in believing the relator guilty. It is true that the evidence here is wholly circumstantial. But it requires no citation of authorities in support of the proposition that circumstantial evidence is a high form of evidence, and may not be disregarded by the court. While many of the circumstances, taken by themselves, may be consistent with innocence, it by no means follows that all the circumstances taken together would not justify the magistrate in believing the relator guilty. The return shows that the proceedings were deliberate. This court, while jealously regarding the rights of the individual, must also be zealous in behalf of the lives and property of the people. The due and orderly administration of the criminal law by sworn officers of the law, administered by magistrates' courts in the discharge of a duty, uninfluenced by any evident bias or prejudice, should not be interfered with by this court, except in a case where it clearly appears that the court had no jurisdiction, or that a mere pretense of jurisdiction is asserted for the purpose of jeopardizing the liberty of the individual. Believing, as I do, that the magistrate had jurisdiction, and that the orderly administration of justice will safeguard all the rights of the relator, I have concluded to dismiss the writ.

Writ dismissed.