## COHEN v. WARDEN OF WORKHOUSE.

(Supreme Court, Special Term, New York County. July 21, 1913.)

1. DISORDERLY CONDUCT (§ 2*) — ELEMENTS OF OFFENSE — STATUTORY PROVI-SIONS.

Consolidation Act (Laws 1882, c. 410) § 1459, providing that, when it shall appear on oath of a credible witness before any police justice that any person has been guilty of any such disorderly conduct as in the opinion of the magistrate tends to a breach of the peace, the magistrate may cause the person so complained of to be brought before him to answer the charge, enacted prior to section 1458, which particularizes certain acts or phases of conduct as disorderly, is independent of and unrelated to section 1458, and is not modified thereby.

[Ed. Note.—For other cases, see Disorderly Conduct, Cent. Dig. § 9; Dec. Dig. § 2.*]

2. CRIMINAL LAW (§ 249*)—SUMMARY PROSECUTION—STATUTORY PROVISIONS—"SUCH"—"OPINION"—"JUDGMENT."

Consolidation Act, § 1459, providing that, when it shall appear on oath of a credible witness before any police justice that any person has been guilty of any "such" disorderly conduct as in the "opinion" of such magistrate tends to a breach of the peace, the magistrate may cause the person so complained of to be brought before him to answer the charge, empowers magistrates to determine, first, whether conduct complained of is disorderly, and, secondly, whether it tends to a breach of the peace, and a magistrate is vested with summary jurisdiction to hear and determine; the word "such" being used in comparison with some disorderly conduct as tends in the opinion of the magistrate to a breach of the peace, and the word "opinion" being synonymous with the word "judgment."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 520; Dec. Dig. § 249.*

For other definitions, see Words and Phrases, First and Second Series, Judgment; Opinion; Such.]

3. CRIMINAL LAW (§ 248*)—SUMMARY PROSECUTION—LEGISLATIVE POWER.

The Legislature may by statute confer on magistrates the power to summarily hear and determine what conduct is disorderly, and whether it tends to a breach of the peace.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 519; Dec. Dig. § 248.*]

4. HABEAS CORPUS (§ 22*)—QUESTIONS REVIEWABLE—"FINAL JUDGMENT."

Where a magistrate is vested with jurisdiction to hear and determine whether conduct is disorderly, and whether it tends to a breach of the peace, his determination adjudging one guilty is a final judgment, within Code Civ. Proc. § 2032, requiring the court in habeas corpus to remand the prisoner detained by virtue of a final judgment of a competent tribunal.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 19½, 20; Dec. Dig. § 22.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. HABEAS CORPUS (§ 105*)—QUESTIONS REVIEWABLE—FAILURE TO GIVE THE
RIGHT OF APPEAL—EFFECT.
   The court, on habeas corpus for the discharge of one detained under a
final judgment, can only determine whether the magistrate pronouncing
the final judgment had jurisdiction of the person and of the offense and
had power to impose the sentence; and the mere fact that an appeal is
not allowed does not enlarge the jurisdiction of the court.
   [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 93, 94;
Dec. Dig. § 105.*]

6. CRIMINAL LAW (§ 1004*)—RIGHT OF APPEAL—STATUTES.
   An appeal in a criminal case is a mere matter of favor, and the Leg-
islature may withhold, qualify, or limit the right.
   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1004.*]

Habeas corpus by one Cohen against the Warden of the Workhouse
for the discharge of relator from the workhouse. Writ dismissed, and
prisoner remanded to serve his sentence.

Baker & Hyman, of New York City, for relator.
J. Ward Follette, Asst. Dist. Atty., of New York City, for respondent.

GOFF, J. Relator seeks by writ of habeas corpus his discharge
from the workhouse on the ground that the magistrate who committed
him was without jurisdiction.

[1] It is contended that there is no such offense as disorderly con-
duct, and the point centers on the construction of section 1459 of the
"New York Consolidation Act" (and its relation to section 1458). This
act is not a revision of laws, but a consolidation of laws affecting New
York City. These sections have different sources, and are not inter-
dependent. Section 1458 particularizes certain acts or phases of con-
duct which are denounced as disorderly. Section 1459 provides that:

"Whenever it shall appear, on oath of a credible witness before any police
justice, * * * that any person * * * has been guilty of any such dis-
orderly conduct as in the opinion of such magistrate tends to a breach of
the peace, the said magistrate may cause the person so complained of to be
brought before him to answer the said charge."

The subject of the section is disorderly conduct, and the word "such"
is used as descriptive of the disorderly conduct. It is not used as re-
ferring to the particularized acts of disorderly conduct enumerated in
section 1458. Were it intended to so refer, the word "foregoing" or
some equivalent would have been used. This view is emphasized by
the fact that section 1459 was enacted 27 years before section 1458
and that the latter section, though numerically preceding in the Con-
solidation Act, has not repealed or modified in any way section 1459.
Case of Twelve Commitments, 19 Abb. Prac. 394. The law of 1833,
as embodied in section 1459, must be considered independently and
unrelated to section 1458.

[2, 3] To reach a definition of the disorderly conduct mentioned in
the section recourse must be had to the word "such." Taken in its
ordinary grammatical sense, it is used in comparison with some dis-
orderly conduct, and that conduct is the one whose character is deter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mined in the opinion of the magistrate. This meaning is made manifest by a simple transposal of the language. For instance, "when a person is guilty of such disorderly conduct which in the opinion of the magistrate tends to a breach of the peace," etc. The sense is clear that the magistrate is vested with authority to determine two things: First, is the conduct disorderly? and, secondly, does it tend to a breach of the peace? That conferring such authority is within the legislative power there cannot be question, and the reason for its exercise is apparent when it is considered that it is beyond human ingenuity in the use of the English language to specify and particularize all the acts of reckless or vicious men in a populous city that may tend to a breach of the peace.

Criticism is directed to the phrasing of the section which assigns the question of fact to be determined in the opinion of the magistrate and not in his judgment. It is contended that under this provision there would not be certainty or a definitive rule of conduct, since opinion is liable to fluctuate and become capricious. This is untenable. The intent of the Legislature plainly is that the judgment of the magistrate should be invoked. Opinion is but a synonym for judgment. Both have their genesis in thought and depend alike upon discernment and discrimination in reaching a conclusion. In order to give effect to the legislative intent, the word "opinion" must be held to mean and be the equivalent of judgment. And as a consequence it must be held that the magistrate is vested with summary jurisdiction to hear and determine.

[4, 5] Where such jurisdiction is vested, a determination is a final judgment within the meaning of section 2032 of the Code of Civil Procedure, so far as inquiry under a writ of habeas corpus is concerned. People ex rel. Kuhn v. House of Mercy, 133 N. Y. 207, 30 N. E. 853; People ex rel. Danziger v. House of Mercy, 128 N. Y. 180, 28 N. E. 473. That inquiry can only go to the extent of ascertaining whether the magistrate who pronounced final judgment had jurisdiction of the person and of the offense, and had power to impose the sentence under which the relator is held. If on such inquiry these questions are answered in the affirmative, the court before which the writ is returnable is precluded from reviewing the evidence on which the judgment rests. For where the detention is by virtue of a final judgment the test of jurisdiction is not the sufficiency of evidence to support the judgment, but the existence of power to hear, determine, and impose the sentence. Matter of Gregory, 219 U. S. 210, 31 Sup. Ct. 143, 55 L. Ed. 184; People ex rel. Fleischman v. Fox, 34 Misc. Rep. 82, 69 N. Y. Supp. 545. Authority to impose sentence on the relator of six months in the workhouse for disorderly conduct is given by subdivision 3, section 11, chapter 372, Laws of 1913, amending the Inferior Courts Act.

[6] Relator claims hardship, being denied the right of appeal, and, being denied such right, that the law in justice to him should accord opportunity to inquire into the facts and circumstances on which the commitment is based. There is no such right. Appeal is a matter of

favor and not of right, and the Legislature can withhold, qualify or limit the favor as it sees fit.

The writ is dismissed, and the prisoner remanded to serve his sentence.