## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### February 21, 1919.

## THE PEOPLE ex rel. JOHN P. LEARY v. CHARLES A. LEVY.

### (186 App. Div. 444.)

DISORDERLY CONDUCT TENDING TO BREACH OF PEACE IN VIOLATION OF CON-
SOLIDATION ACT—RIGHT OF CITIZEN TO REMONSTRATE AGAINST AN APPAR-
ENTLY UNWARRANTED ASSAULT BY OFFICER WHO HAS NOT DISCLOSED HIS
IDENTITY—EVIDENCE.

Upon the prosecution of the defendant under sections 1458 and 1459 of
the Consolidation Act for disorderly conduct tending to a breach of the
peace, it appeared that the defendant, a law student, upon seeing a
lieutenant of the police force in plain clothes, who had not indicated that
he was an officer or that he was attempting to place another under arrest,
remonstrated against such officer making an apparently unwarranted
assault, and that said officer did not attempt to place the defendant under
arrest on the street and that no charge was made against him until they
reached the station house. Evidence examined, and

*Held*, that the judgment of conviction should be reversed and the de-
fendant discharged.

APPEAL by the defendant, Charles A. Levy, from a judgment
of the Court of General Sessions of the Peace in and for the
county of New York affirming a judgment of a City Magis-
trate's Court of the City of New York rendered on the 22d day
of June, 1917, convicting defendant of disorderly conduct
tending to a breach of the peace.

The judgment of affirmance was rendered on the 13th day of
August, 1917.

An appeal is also taken from a further judgment of affirm-
ance rendered on the 16th day of April, 1918, on a reargument
of the appeal.

*Abraham Crosney,* of counsel (*Levy & Levy,* attorneys), for the appellant.

*Robert D. Petty,* of counsel (*Edward Swann, District Attorney*), for the respondent.

LAUGHLIN, J.:

On the 22d day of June, 1917, Lieut. Leary, of the second precinct of the police force of the City of New York, who was acting captain of the precinct, was in plain clothes and at Broadway and Barclay streets struck or slapped one Strenging, a peddler. According to Leary's testimony, Strenging was peddling without a license and refused to desist therefrom on his demand after having been informed that he was such captain and provoked the assault by calling him a vile name and spitting in his face and that he resented this by slapping Strenging in the face with his open hand. Leary claims that he then placed Strenging under arrest, but did not lay hands on or actually take him in custody and concedes that he then walked some distance away from Strenging and remained there, not in the immediate presence of his prisoner, for some time, awaiting the arrival of a patrolman by whom he intended to send the prisoner to the precinct station. The appellant, who was a law student in the office of Messrs. Levy & Levy, happened to be in the vicinity, observed the assault and spoke to Strenging, advising that he call a policeman and have Leary arrested, and thereupon followed Leary and remonstrated with him for having made the assault and threatened to have him arrested.

Strenging denied that Leary said he was captain or a police officer and testified that Leary refused to show his badge, but he admits that Leary said he was a lieutenant and claims that he doubted this and demanded that Leary place him under arrest and that when that was not done he was desirous of going to the station house to ascertain whether Leary was authorized so

to interfere with him. Leary, Strenging and the appellant and other witnesses to the assault thereupon went to the station house, whereupon Leary made and had entered on the blotter a charge against Strenging of disorderly conduct, and a like charge against appellant for interfering with him as an officer and advising the prisoner to resist arrest and for using threatening language towards him, and then had them both locked in cells and their witnesses driven from the station house. Later in the day Leary arraigned them before the magistrate and verified before him a formal complaint charging appellant with having been guilty of insulting and abusive language with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned, and with having interfered with him while he had a prisoner in his custody. The appellant pleaded not guilty and was placed on trial. Leary also verified a formal complaint against Strenging and both defendants were placed on trial together without objection. The testimony of Leary and the defendant was then taken. Part of the testimony has already been stated. Leary further testified that he informed the appellant, when the latter remonstrated with him, that he was an officer and says that appellant stated that he intended to place him under arrest for slapping the peddler, and that appellant interfered with him by causing a crowd to collect, blocking the sidewalk, and then attempting to place him under arrest.

It is quite evident that Leary did not properly disclose his identity or act properly in attempting to place Strenging under arrest, for he admits that while they were on the way to the station house the appellant or Strenging called a traffic policeman and that he thought the policeman did not recognize him and that he did not inform the officer who he was. There is no evidence that the appellant was guilty of any improper conduct or that he in any manner interfered with Leary in the performance of his duty as an officer. The conduct of Leary

at the time did not indicate that he was an officer or who he was, or that he had placed or was attempting to place Strenging under arrest. The appellant merely did what any citizen had a right to do, namely, remonstrated against an apparently unwarranted assault.

The only statutory provisions which it is claimed warranted the conviction of the appellant are sections 1458 and 1459 of the Consolidation Act (Laws of 1882, ch. 410). Those provisions define disorderly conduct that tends to a breach of the peace, as threatening, abusive or insulting behavior in a thoroughfare or public place with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned; and before a conviction is authorized the magistrate must find that the accused has been guilty of disorderly conduct and that it tended to a breach of the peace. (People v. Mansi, 129 App. Div. 386, 23 N. Y. Crim. 126; Cohen v. Warden of Workhouse, 150 N. Y. Supp. 596.) The officer did not attempt to place the appellant under arrest on the street and it is evident that the charge made against him at the station house was an afterthought.

The appellant in his points quotes from the brief filed in behalf of the district attorney on the hearing of the appeal in the Court of General Sessions, to the effect that in the opinion of the district attorney the evidence did not sustain the charge against the appellant and that it was, therefore, respectfully suggested that his conviction be reversed. It is evident that the magistrate did not believe that the officer disclosed his identity, for the record shows that in suspending sentence he stated that he believed that the appellant did not know that Leary was a police officer.

The appellant should have been discharged by the magistrate and his conviction should have been reversed by the Court of General Sessions.

It follows that the conviction should be reversed and the defendant discharged.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Judgment reversed and defendant discharged.    Order to be settled on notice.