## SUPREME COURT — SPECIAL TERM — NASSAU COUNTY.

### October, 1922.

## THE PEOPLE EX REL. LAURA POTTER v. BOARD OF MANAGERS WAYSIDE HOUSE.

#### (119 Misc. 428.)

(1) DISORDERLY CONDUCT—MAGISTRATE'S COURT OF CITY OF NEW YORK HAS NO JURISDICTION OF OFFENSE.

The first appearance of the term "disorderly conduct" in the statutory law of this state was in chapter 11 of the Laws of 1833, section 8 of which provided: "In all complaints before any magistrate in the city of New York for disorderly conduct it shall be lawful for such magistrate, if in his opinion such disorderly conduct tends to a breach of the peace, to require the party against whom such conduct may be proved" to give security for his or her good behavior. This section was embodied in the Consolidation Act (Laws of 1882, chap. 410) as section 1461. Section 21 of chapter 508 of the Laws of 1860, now section 1459 of the Consolidation Act, declares that whenever it shall appear, on oath of a credible witness before any police justice in the city and county of New York "that any person in said city and county has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge." *Held*, that the legislature did not intend by either of said statutory provisions to create any new offense.

(2) SAME.

At common law it was an offense to commit any act likely to provoke a breach of the peace and the language of the above-mentioned statutory provisions makes clear the legislative intent that they were to be merely administrative and auxiliary provisions, enabling the courts better to deal with an offense already existing.

(3) SAME.

The common-law offense of committing an act tending to a breach of the peace having been abolished by the Penal Code in 1882, these auxiliary and administrative provisions of the Consolidation Act, so far as they relate to such common-law offense, must fall with it, leaving the offense of disorderly conduct tending to a breach of the peace, so far as cognizable by the Magistrates' Courts of the city of New York, as comprising only the acts specified in section 1458 of the Consolidation Act (formerly section 20 of chapter 508 of the Laws of 1860) with sections 1459 and 1461 of the Consolidation Act still effective only so far as they are auxiliary thereto.

(4) SAME—PUSHING AND JOSTLING PEOPLE IN TROLLEY CAR.

Relator was convicted in the Magistrate's Court of the city of New York upon a charge of having violated the provisions of section 1459 of the Consolidation Act in that she with others did push and jostle passengers upon a surface car. *Held*, that as the statute created no offense, forbade no act and authorized no conviction thereunder, her conviction was void and she was entitled to be discharged on habeas corpus.

(5) SAME—DISORDERLY CONDUCT—MAGISTRATE'S COURT HAS NO JURISDICTION.

The offense of disorderly conduct under the Penal Law is a misdemeanor of which the Magistrate's Court of the city of New York has no jurisdiction.

DEMURRER to writ of habeas corpus.

*K. Henry Rosenberg*, for relator.

*James V. Degrocco, Assistant District Attorney*, for defendant.

BENEDICT, J.:

This case comes before me on a writ of habeas corpus to which a demurrer has been interposed. It appears from the

petition and the exhibit attached thereto that relator was convicted before a city magistrate in the Magistrate's Court, second division, first district, in the borough of Richmond, upon a charge of having " violated the provisions of section 1459 of the Consolidation Act in that she did, with other persons push and jostle passengers on a surface car." Section 1459 of the Consolidation Act reads as follows: " Whenever it shall appear, on oath of a credible witness before any police justice in said city and county, [i. e., the city and county of New York], that any person in said city and county has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge."

This section does not purport to create any offense, to forbid any act, or to authorize any conviction under its provisions. It seems first to have appeared in our law as section 21 of chapter 508 of the Laws of 1860. Section 20 of the same statute defines certain acts committed in a thoroughfare or public place as constituting " disorderly conduct that tends to a breach of the peace," among them the using of " any threatening, abusive or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned." That section was transferred to the Consolidation Act as section 1458.

The term " disorderly conduct " seems first to have appeared in the statutory law of this State in Laws of 1833, chapter 11. By section 5 of that statute, driving at a speed of over five miles an hour was declared to be disorderly conduct, and by section 8 it was provided as follows: " In all complaints before any magistrate in the city of New York for disorderly conduct it shall be lawful for such magistrate, if in his opinion such disorderly conduct tends to a breach of the peace, to require the party against whom such conduct may be proved " to give security for his or her good behavior.

This section was embodied in the Consolidation Act as section 1461.

My opinion (despite authority to the contrary to which I shall presently advert) is that the Legislature did not intend, either by section 8 of the act of 1833 or by section 21 of the act of 1860, to create any new offense. The language of these provisions makes it clear that they were intended to be merely administrative and auxiliary provisions, enabling the courts better to deal with an offense already existing; for it was an offense at common law to commit any act likely to provoke a breach of the peace. Book 4 Blackstone, 150; 9 C. J. 386–388; People v. Smith, 5 Cow. 258; People ex rel. Frank v. Keeper, 38 Misc. Rep. 233, in which Mr. Justice Gaynor discussed this subject in an elaborate opinion. And the essence of the offense of disorderly conduct, as referred to in these statutes, was that it tended to a breach of the peace. Common-law crimes still existed in this State in 1833 and in 1860, and were only abolished by the Penal Code, which took effect in 1882. Penal Code, sec. 2. Now, however, that the common-law offense of committing an act tending to a breach of the peace has been abolished by statute, these auxiliary and administrative provisions of the Consolidation Act, in so far as they relate to such common-law offense, must fall with it, leaving the offense of disorderly conduct tending to breach of the peace, so far as cognizable by the Magistrates' Courts of the city of New York, as comprising only the acts specified in section 1458 of the Consolidation Act, with sections 1459 and 1461 still effective in so far and only in so far as they are auxiliary thereto. There is, of course, the offense of disorderly conduct under the Penal Law, but that is a misdemeanor of which the Magistrates' Court has no jurisdiction.

I recognize that the conclusion which I have thus reached is directly contrary to several decisions in the first department. People v. Mansi, 129 App. Div. 386; Cohen v. Warden of Workhouse, 150 N. Y. Supp. 596; People v. Foster, N. Y. L.

J. Jan. 9, 1909. See also, Case of Twelve Commitments, 19 Ab. Pr. 394, and see the able article by Magistrate House in N. Y. L. J. Feb. 28, 1910. All of these authorities, in my opinion, overlook or fail to give due effect to the fact that any act tending to a breach of the peace was already a common-law offense at the time of the enactments of 1833 and 1860, above referred to, and, hence, that neither section 8 of the act of 1833 nor section 21 of the act of 1860 created any offense, or were other than administrative provisions.

The conclusion which I have above stated, although opposed by the authorities above cited in the first department, is supported, as it seems to me, by the Appellate Division in the second department and by the Court of Appeals. In People ex rel. Frank v. Davis, 80 App. Div. 448, affirming the decision of Mr. Justice Gaynor in 38 Misc. Rep. 233, Mr. Justice Woodward, after adverting to sections 1458, 1461 and other provisions of the Consolidation Act and of the Greater New York charter, said: " Disorderly conduct, in the abstract does not constitute any crime known to the law; it is only when it ' tends to a breach of the peace,' under the circumstances detailed in section 1458 of the Consolidation Act, that it constitutes a minor offense cognizable by the police magistrates of the city of New York, and when it in fact threatens to disturb the peace it is a misdemeanor as well under section 675 of the Penal Code as at common law, and not within the jurisdiction of the police magistrates, but the Court of Special Sessions."

This case was affirmed under the title People ex rel. Clark v. Keeper, 176 N. Y. 465, in which Judge Werner, writing for a majority of the court, said (p. 470) : " In the abstract there is no such offense as ' disorderly conduct,' but by section 1458 of the Consolidation Act, which seems to have been incorporated into the Charter of the Greater New York city, ' every person,' " etc., quoting in part section 1458, and then referring to section 675 of the Penal Code.

These are the authorities which I am bound to follow, rather

than those in the first department, especially as they agree more nearly with my sense of what the Legislature intended by the statutes under consideration.

It follows that as section 1459 of the Consolidation Act created no offense, and forbids no act, and authorizes no conviction thereunder, no valid conviction can be had thereunder, and the conviction of the relator was, therefore, void, and she is entitled to be discharged.

This case illustrates the importance of not overlooking the excellent admonition of Gaynor, J., in the opinion above referred to (38 Misc. Rep. 240) when he says: "If it were really said there as is claimed that under the phrase ' disorderly conduct ' magistrates may decide anything they wish to be ' disorderly conduct,' I could not agree with it. There can be no such absolute power under our system of government. Some act or conduct amounting to or tending to a breach of the peace is the offense contemplated by said sections 1458, 1459 and 1461 of the old city charter, and that is the test of jurisdiction. If magistrates were under no definition or limitation, but free to call anything they choose ' disorderly conduct ' and hold persons therefor, no one's liberty would be safe."

The conclusion thus reached renders it unnecessary to consider the other important and interesting questions argued at the bar and on the briefs.

Writ sustained and relator discharged.

Ordered accordingly.