# SUPREME COURT — SPECIAL TERM — NEW YORK COUNTY.

## March, 1923.

# THE PEOPLE EX REL. GOLDSTEIN v. WARDEN OF WORKHOUSE.

(120 Misc. 368.)

DISORDERLY CONDUCT—CONSOLIDATED ACT (LAWS OF 1882, CHAP. 410), § 1459, CONSTITUTIONAL.

The presumption that a statute is constitutional, unless clearly and unmistakably unwarranted, should be favored by the court at *nisi prius*.

The statute (Consolidation Act [Laws of 1882, chap. 410], § 1459), which provides: "Whenever it shall appear on oath of a credible witness before any police justice in said city and county, that any person in said city and county has been guilty of such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge," is constitutional, and where relator, convicted in a Magistrate's Court of the city of New York of disorderly conduct under said statute and sentenced to six months' imprisonment, upon the return of the writ of habeas corpus attacks the statute as unconstitutional, the writ will be dismissed.

The character of the sentence forms the basis of a complaint under said statute in that the penalty is governed by section 1461 thereof which requires surety for good behavior with no provision for imprisonment, and sections 1458 and 1459 should in accordance with legislative intent be read in connection with the Inferior Criminal Courts Act (Laws of 1910, chap. 659).

WRIT of habeas corpus.

*K. Henry Rosenberg,* for relator.

*Joseph Maloy* (*Charles B. Dullea,* of counsel), opposed.

WAGNER, J.:

The relator, under a writ of habeas corpus, attacks the constitutionality of section 1459 of the Consolidation Act (Laws

of 1882, chap. 410) after trial, conviction, and sentence to six months' imprisonment thereunder in the Magistrate's Court of the City of New York, Borough of Richmond, first district. The statute in question provides: " Whenever it shall appear, on oath of a credible witness before any police justice in said city and county, that any person in said city and county has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge." The argument of the relator is directed to the absence of any fixed standard of guilt set forth in the act, the inability to ascertain prior to the act the character of the conduct prescribed and resultant variance of view that might obtain in the minds of the several judges before whom complaints under its terms might be prosecuted. It is undoubtedly commonplace in our system of the administration of criminal law that an opportunity of avoidance of the act penalized must be furnished by prior notice of the nature and character of the act. That, of course, is a mere restatement of the rule of unmistakable warning or certainty to common intent, which at one time, more than now, played an important part in actions even of a civil character. And the implication derivable from the foregoing is that because the precise act or conduct contemplated by the statute is not in definite phrase stated the statute perforce fails to meet the requirements of principle. To sanction the claim made I must acknowledge a feebleness and destitution of power in the lawmaking body, which I am unwilling to do either from prompting of policy or from the point of view of a strict interpretation of the statute. There are offenses, as this one, which can by no process of comprehensive definition set forth each and every act requisite to constitute the conduct inhibited. Exact particularization of all that may tend to a breach of the peace is impossible of statement. Changes of locality, as to population, commerce, the changes of social conditions, and the administra-

tion of government increase constantly not alone the opportunity but the means of violation. Shall it be said that public protection must be denied merely by reason of inability to foresee or anticipate the character of the injurious act which may tend to offend the public peace? No argument of similar kind has been advanced against the present statutory crime of nuisance, which stands in the same position as the case at bar. Nuisance is an act or omission which produces a definite result, namely, the endangerment or annoyance of the health, safety and repose of the public. No all-inclusive definition of the species of acts or omissions that constitute the said crime is attempted. Again, it must affect a considerable number of the public, which also admits of variable determination, according to the circumstances of the case. Nor is arbitrary or capricious judgment to be feared any more than the pronouncement of judgment in other crimes. The opinion of the magistrate in this as well as other provisions of the criminal law means an opinion based on calm and deliberate judgment founded on the credible facts adduced at the hearing, the basis in fact of all judicial decision. He may not arbitrarily hold where the facts do not warrant commitment. He is to judge as the jury does in other actions, whether the acts complained of are disorderly and tend to a breach of the peace, and if such judgment is an abuse of authority on his part judicial review lies to the proper tribunal. The statute has been on the books for decades, administered with satisfactory results, never complained of as the subject of judicial abuse, and upheld in case of Twelve Commitments (19 Abb. Pr. 394) and Cohen v. Warden of Workhouse (150 N. Y. Supp. 596), with the logic of which I thoroughly agree. I am not unmindful of recent and most respectable authority to the contrary prevailing in the Second Department (opinion of Mr. Justice Benedict, People ex rel. Potter v. Bd. of Managers, Wayside House, 119 Misc. Rep. 428; People v. Silverman, N. Y. L. J. Aug. 17, 1922), but my views are not in accord with the reasoning thereof and I prefer upholding the

constitutionality of the statute.     Presumption of such, at any rate, exists.     The court at *nisi prius* should favor the presumption, unless clearly and unmistakably unwarranted.     The character of the sentence forms the basis of complaint in that the penalty is governed by section 1461 of the said act, requiring surety for good behavior with no provision for imprisonment. People ex rel. Enright v. Myers (71 Misc. Rep. 77) correctly disposes of that objection in holding the intention of the Legislature to be that sections 1458 and 1459 of the Consolidation Act should be combined with the provisions of the Inferior Criminal Courts Act (Laws of 1910, chap. 659).     The writ is accordingly dismissed.

Writ dismissed.