PEOPLE *v.* FRIEDMAN. 525

Misc. 525]   Court of Special Sessions, City of New York, September, 1927.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* I. FRIEDMAN and Eleven Others; M. NIXSON and Nineteen Others; M. JACOBS and Thirty-five Others; J. SILVER and Fourteen Others; A. SEAMAN and Fourteen Others; B. LANDE and Twenty-five Others, Appellants.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, September 27, 1927.

Crimes — disorderly conduct tending to provoke breach of peace in violation of Consolidation Act, § 1459 — defendants while on strike gathered in street blocking same and refused to move on order of police — acts of defendants were disorderly and tended to breach of peace.

The defendants were charged with disorderly conduct tending to provoke a breach of the peace in violation of section 1459 of the Consolidation Act (Laws of 1882, chap. 410). The defendants are guilty, since it appears that while on strike a large number of the strikers, including the defendants, gathered in the streets of New York city for the ostensible purpose of picketing and marched up and down the sidewalks in such a manner as to block the sidewalks and prevent the use thereof by other pedestrians and refused to disperse when directed by the police to so do. This conduct on the part of the defendants constituted disorderly conduct tending to a breach of the peace.

APPEAL from judgments of the City Magistrates' Court.

*Jacob M. Mandelbaum,* for the appellants.

*Joab H. Banton,* District Attorney [*Thomas B. Dyett* of counsel], for the respondent.

PER CURIAM. This is an appeal from six judgments of the City Magistrates' Court involving 123 appellants. The complaints upon which these judgments were based and the testimony given at the trial were so similar that it was stipulated that these appeals be argued as one.

The appellants are charged with using threatening, abusive and insulting behavior with intent to provoke a breach of the peace and whereby a breach of the peace might be occasioned, and that they did obstruct the sidewalk by walking up and down in mass formation.

The only point up for decision is whether the conduct charged in the complaints was disorderly and tended to provoke a breach of the peace and, therefore, a violation of section 1459 of the

Consolidation Act (Laws of 1882, chap. 410), under which section the complaints are drawn.

Both appellants and respondent quote in their briefs section 722 of the Penal Law and it might have been better pleading if these complaints had been drawn under subdivision 3 of that statute which reads " congregates with others on a public street and refuses to move on when ordered by the police," but the Magistrates' Court having decided to draw the complaints under the aforesaid section of the Consolidation Act, it is on the construction of that section that this appeal must be decided.

The facts in these cases are that on June 29 and June 30, 1927, there was a strike in the fur industry and that between seven-thirty and nine A. M. hundreds of the strikers and their sympathizers congregated on Seventh avenue, some at Twenty-eighth street and Twenty-ninth street and some at Thirty-eighth street for the purpose of picketing. What they did as pickets is not disclosed by the record but there is ample evidence that by marching up and down on the sidewalks in groups of from three to six abreast and at times involving much larger groups they blocked up the sidewalks to such an extent as to cause other pedestrians the inconvenience and danger of leaving the sidewalks and forcing them to walk in the roadway, also that the entrances to buildings and the subway were blocked by them to such an extent as to prevent persons from entering or leaving both buildings and subway. The police in order to maintain the peace of the neighborhood ordered them to desist and when their orders were disobeyed made arrests.

We hold that this conduct on the part of the appellants was without doubt such conduct as tended to a breach of the peace.

The streets of the city are free to all. Primarily their use is to permit pedestrians to go about their business. To see that these streets are not obstructed is one of the first duties of the police force and to that effect many ordinances have been enacted by the city authorities. The streets were never meant as the gathering place for hundreds of people who are not using them as a thoroughfare and when they are made use of in this way it is the duty of the police to take action.

When a complaint is lodged before a magistrate charging disorderly conduct tending to a breach of the peace, the magistrate is vested with authority to determine two things: *First,* is the conduct disorderly; *second,* does it tend to a breach of the peace. (*Cohen* v. *Warden of Workhouse,* 150 N. Y. Supp. 596.)

The conduct of the appellants as shown by the evidence tended undoubtedly to a breach of the peace. When the officers whose duty it was to maintain the peace asked them to desist and stop

blocking the sidewalk their refusal to comply with these orders and their disregard of them rendered the conduct complained of disorderly.

The sentences were not excessive. The situation brought about by the conduct of the appellants and their conviction compelled the magistrate to impose sentences that would act as a deterrent.

Unfortunately the record of testimony in some of these cases is neither orderly nor lucid. Minor errors are apparent, which did not call forth objections of counsel, and had there been objections taken to certain rulings by the court we believe such rulings would not affect our determination. We must bear in mind that the magistrate had to perform his work under adverse conditions in the trial of these cases, where defendants to the number of twenty and more were tried together, their frequent interruptions to the proceedings and their interjection of questions made it almost impossible for the magistrate to conduct the trials in an orderly manner. These points, however, are not raised by the appellants and in our opinion did not prejudice any of their rights. The judgments must be affirmed.

Judgment of conviction appealed from affirmed in all respects, and it is further ordered that the defendants, appellants, present themselves in person before the appellate part of this court on Tuesday, October 4, 1927, at twelve o'clock noon to render themselves in execution of the judgment of this court.

All concur; present, KERNOCHAN, P. J., MURPHY and FETHERSTON, JJ.