THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MEYER RASHBA, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, September 9, 1932.

*Harry Kalman,* for the appellant.

*Thomas C. T. Crain, District Attorney* [*LeRoy Mandle* of counsel], for the respondent.

PER CURIAM. The appellant was convicted of disorderly conduct tending to a breach of the peace. The complaint charges the offense as follows: " Nathan Herscovitz of No. 401 Broadway, being duly sworn, deposes and says, that on the 15th day of July, 1932, at the City and County aforesaid Meyer Rashba (Now here) was in 202 East 44th Street, using threatening, abusive and insulting behavior, with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned; that said defendant at about five o'clock P. M. did then and there when deponent, in his capacity as City Marshall, arrived at deponent's place of business to execute a Court Order, use vile and indecent language to deponent and his assistant and prevent deponent from making a levy.

" NATHAN HERSCOVITZ

Sworn to before me, this
15th day of July, 1932.

"(Sgd.) O. HARRIS,
" *City Magistrate.*"

It is contended that this complaint charges a violation of section 1458, subdivision 3, of the New York City Consolidation Act (Laws of 1882, chap. 410). Section 1458, subdivision 3, provides as follows: " § 1458. Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city and county commit any of the following offenses, that is to say:

" 3. Every person who shall use any threatening, abusive, or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned."

The appellant contends that the conviction should be reversed as the acts complained of did not occur in a public place. This point might be of importance but for the fact that the wording of the complaint warrants us in holding that the complaint was a violation of section 1459 of the same act which provides that " § 1459. Whenever it shall appear, on oath of a credible witness before any police justice in said city and county, that any person in said city and county has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge."

If we conclude, as we do, that the complaint charges a violation of section 1459 then the conduct complained of need not occur in a public place to justify a conviction. (*People* v. *Mansi*, 129 App. Div. 386; *People ex rel. Goldstein* v. *Warden of the Workhouse*, 120 Misc. 368.)

This point being disposed of, we are of the opinion that the conviction should be affirmed, as the magistrate, being the judge of the facts, was justified by the evidence in finding against the appellant.

Judgment affirmed.

All concur; present, KERNOCHAN, P. J., FETHERSTON and SALOMON, JJ.